RECEIVED
AND FILED
NOV - 3 2026
U.S. BANKRUPTCY COURT
DANIEL S. OWENS, CLERK

Bryant Fu
337 28th Avenue
San Francisco, CA 94121
Telephone: (415) 221-0969
Email: bfu.law1@gmail.com
Creditor in Pro Se

**UNITED STATES BANKRUPTCY COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| In re:<br><br>T24, LLC,<br><br>Debtor. | Case No. BK-N-26-50788-HLB<br>Chapter 7<br><br>**CREDITOR'S OPPOSITION TO T24, LLC'S AMENDED MOTION TO DISMISS CHAPTER 7 CASE [Dkt. No. 16]**<br><br>Hearing Date: November 17, 2026<br>Hearing Time: 1:30 p.m.<br>Judge: Hon. Hilary L. Barnes<br>Place: Bankruptcy Courtroom No. 2<br>300 Booth Street, Reno, Nevada |

Creditor Bryant Fu ("Fu") hereby opposes the Amended Motion to Dismiss Chapter 7 Case (Dkt. No. 16) filed by debtor T24, LLC ("T24" or the "Debtor") (together with the original motion, Dkt. No. 15, the "Motion").

## MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION

## I. INTRODUCTION

T24 filed this Chapter 7 case on August 6, 2026, eighteen days before trial in a California Superior Court fraudulent-transfer action in which T24 was a defendant. The same day, T24's state-court counsel filed a notice declaring that action stayed "[w]ith regard to all parties" because T24 was an "indispensable party." (Declaration of Bryant Fu ["Fu Decl."] ¶ 14, Ex. S at 1.) T24's schedules list one creditor of substance: Fu, at $1,600,000, undisputed. The resolution authorizing the petition, signed by T24's member Tina Yan and its manager Demas Yan, resolved to "liquidate the business . . . under the protection and review of the U.S. Bankruptcy Court." (Dkt. No. 5 at 2.) T24 took the protection and

refused the review. Its representative did not appear at the September 10, 2026 meeting of creditors or at the continued meeting on September 21. (Dkt. Nos. 13, 14.) Avoiding examination is nothing new for T24: it failed to appear for three examinations ordered by the state court, in 2023 and twice in 2026, the last after that court had issued a body attachment for the arrest of its manager. (Fu Decl. ¶ 7, Exs. E–G.)

A Chapter 7 debtor has no absolute right to dismiss its own case. It must establish cause, and it bears the burden of proving that dismissal will not prejudice creditors. *Bartee v. Ainsworth (In re Bartee)*, 317 B.R. 362, 366 (9th Cir. BAP 2004). A debtor that sidesteps its statutory duties "is not entitled to escape by awarding himself a dismissal." *Hickman v. Hana (In re Hickman)*, 384 B.R. 832, 842 (9th Cir. BAP 2008).

T24 does not try to carry that burden. The two-page Motion has no declaration and no exhibits, and the few factual assertions it makes are wrong. It misstates the petition date. It says T24 "owns no assets," although T24's own sworn papers and the public record show otherwise. And it tells the Court that "the Trustee has requested that the case be dismissed." The Trustee has filed nothing of the kind, and at the § 341(a) meeting Fu attended, the Trustee agreed only to continue the meeting of creditors until after this hearing. (Fu Decl. ¶ 13.)

Dismissal would plainly prejudice creditors. T24 is an adjudicated alter ego of judgment debtor Tina Yan. It was the beneficiary of two deeds of trust on an Oakland property securing $432,500, and it held title to that property from 2021. On September 23, 2024, less than two years before it filed this case, and while Fu's fraudulent-transfer action and lis pendens against the property were pending, T24 deeded the property to a newly formed company, swearing that no transfer tax was due because T24 and the new company had the same owners. T24's Statement of Financial Affairs reports no transfers in that period, and its schedules report no assets. Those discrepancies are for a Chapter 7 trustee with avoidance powers to run down, with the debtor examined under oath. Dismissal would also hand Tina Yan, Demas Yan, and the entities tied to them (who have filed nine bankruptcy petitions since 2022 and whose earlier filings bankruptcy judges have repeatedly found to be in bad faith or part of a scheme to delay, hinder, or defraud creditors) a free exit from a case they chose to file. The only way to stop T24 and its vexatious-litigant principals from continuing to abuse the Bankruptcy Court is to complete this bankruptcy case. Therefore, the Motion should be denied.

## II. STATEMENT OF FACTS

### A. T24 Is an Adjudicated Alter Ego of Judgment Debtor Tina Yan, and Fu Is Its Judgment Creditor.

On December 1, 2021, after a remedies-phase trial, the San Francisco Superior Court in California issued its Statement of Decision in *Lei v. Yan*, No. CGC-14-565831, finding that "Demas Yan and Tina Yan conspired to defraud Yan's creditors, including Plaintiffs," through transactions that "involved the shell corporations they owned," and that Demas Yan and his family had "played a shell game with Yan's assets to avoid paying his substantial debts." (Fu Decl. ¶ 3, Ex. A at 4, 11.) The Second Amended Judgment for Injunctive and Monetary Relief, entered April 26, 2022, awards Fu and his co-plaintiff, Crystal Lei, $640,913.10 against Tina Yan, plus costs of $21,001.70 and attorneys' fees of $118,835.50, for a total of $780,750.30. (*Id.* ¶ 3, Ex. B at 3, 5–6.)

On May 28, 2025, the state court amended that judgment to add T24, Legal Recovery LLC, and Legal Recover LLC as judgment debtors, finding them to be Tina Yan's alter egos: "The evidence shows the LLCs are shell corporations, operating in name only." (*Id.* ¶ 4, Ex. C at 6.) The court found that T24 "engages in no other business aside from holding Ms. Yan's assets"; that Tina Yan's claimed April 2023 transfer of T24 to Shuzhen Tu, Demas Yan's mother-in-law, "was made to an insider after Ms. Yan was sued, with no evidence that it was a bona fide transfer"; and that such transfers "were a means for Ms. Yan to evade financial liability." (*Id.*, Ex. C at 4, 7.) The state court denied T24's motion to set that order aside on February 25, 2026, and denied its renewed motion by order entered April 1, 2026. (*Id.* ¶ 5.) T24's appeal is pending. (*Id.* ¶ 5, Ex. D.) T24 has paid nothing on the judgment. (*Id.* ¶ 6.)

### B. T24 Has Refused to Appear for Examination in the State Court.

T24 has also refused to answer questions about its property. On April 10, 2023, the state court ordered T24, through its manager Tina Yan, to appear on May 19, 2023 and answer under oath concerning property of the judgment debtors in its possession or control. (Fu Decl. ¶ 7, Ex. E at 1.) T24 did not appear. (*Id.* ¶ 7.) Ten days after that order issued, Tina Yan purportedly transferred T24 to Shuzhen Tu, a transfer the state court later found was made to an insider "with no evidence that it was a bona fide transfer." (*Id.*, Ex. C at 4.) In 2026, after T24 had been added as a judgment debtor, the court ordered it to appear for a judgment-debtor examination on April 10, 2026. (*Id.* ¶ 7, Ex. F at 1.) The court's records

show that the order was served on March 11, 2026; T24 did not appear. The court then issued a body attachment and warrant for the arrest of T24's manager, stayed them "[t]o allow [T24] a further opportunity to comply with the Order," and ordered T24 to appear on June 10, 2026, warning that if it did not, "the stay of the warrant issued will be lifted." (*Id.*, Ex. G at 1.) T24 did not appear on June 10 either. (*Id.* ¶ 7.)

**C. The Oakland Property.**

In June 2015, two deeds of trust were recorded against the real property at 4848 MacArthur Boulevard, Oakland, California (the "Oakland Property"), naming T24 as beneficiary and securing $175,000 and $257,500 owed by the record owner, Vi Dan Tran. (Fu Decl. ¶ 8, Exs. H, I.) On January 13, 2021, a grant deed was recorded conveying the Oakland Property from Tran to T24, with tax statements to go to T24 at 1433 7th Avenue, San Francisco, the home of Tina Yan and Demas Yan. (*Id.* ¶ 8, Ex. J.)

In April 2022, Fu sued T24 and others in *Fu v. Tu*, No. CGC-22-599369 (the "State Action"), alleging that the Oakland Property and two other properties had been fraudulently transferred to conceal the Yans' interests, and lis pendens were recorded against them. (*Id.* ¶ 9.) T24 moved to expunge. At the May 8, 2023 hearing, the Superior Court denied the motion, finding that Fu "has established by the preponderance of the evidence a probable validity to the claim for fraudulent transfer." (*Id.* ¶ 10, Ex. M at 1.) Four months later the court made the same finding on a co-defendant's motion, noting that "[t]his is the second time the court has made this determination on a substantially identical record." (*Id.*, Ex. N at 2.)

On September 2, 2024, Tran organized a new California company, 4848 LLC. (*Id.* ¶ 8, Ex. K.) Three weeks later, on September 23, 2024, with the State Action and the lis pendens still pending, T24 deeded the Oakland Property to 4848 LLC. Demas Yan signed the deed as T24's "MANAGER." The deed declares under penalty of perjury that no documentary transfer tax was due because "[g]rantors and grantees are comprised of the same parties and their proportional interest remains the same immediately following transfer." (*Id.* ¶ 8, Ex. L at 1.) In a trial brief dated September 28, 2026, the attorney who had represented T24 in the State Action, now appearing for Tran and co-defendant Legal Recover LLC, described the arrangement this way: Tran acquired the property with "commercial financing from T24,

LLC"; the conveyance to T24 was "to provide additional security for its loans"; and the property "was subsequently returned to Tran by a transfer to 4848 LLC which is wholly controlled by Tran." (*Id.* ¶ 16, Ex. X at 4.)

**D. The Petition, the Resolution, and the Schedules.**

T24 filed this case on August 6, 2026. (Dkt. No. 1.) The petition lists T24's principal place of business as 1433 7th Avenue, San Francisco, and is signed by Demas Yan as "Manager." (*Id.* at 1, 4.) Demas Yan also signed the Statement of Financial Affairs and, after the Clerk noted that it was missing, the declaration under penalty of perjury covering the schedules. (*Id.* at 33; Dkt. Nos. 7, 12.) Demas Yan is a disbarred attorney who has been declared a vexatious litigant, including by the United States Bankruptcy Court for the Northern District of California. (Fu Decl. ¶ 11, Exs. O, Q.) The resolution authorizing the filing is signed by "TINA YAN, Member" and by Demas Yan as manager. It states that T24 would file under Chapter 7 "to liquidate the business to facilitate repayment and discharge of the outstanding obligations of the Limited Liability Company under the protection and review of the U.S. Bankruptcy Court." (Dkt. No. 5 at 2.)

The schedules report total assets of $0.00: no real property, no notes receivable, no causes of action, and no bank account, although the Debtor checked "Yes" to having cash. (Dkt. No. 1 at 5, 10, 12–13.) Schedule E/F lists Fu's claim at $1,600,000 ("1 JUDGMENT[,] 1 PENDING LAWSUIT") and does not mark it contingent, unliquidated, or disputed. (*Id.* at 16.) The only other creditors listed are the Franchise Tax Board ($1.00) and the IRS ($2.00), each with a remark that tax returns still need to be filed. (*Id.* at 15.)

The Statement of Financial Affairs ("SOFA") reports no revenue in 2024, 2025, or 2026. (*Id.* at 22.) It discloses a single item under "repossessions, foreclosures, and returns": "THE DEBTOR HAS A JUNIOR DEED OF TRUST THAT WAS EXTINGUISHED BY ORO FORECLOSING ON THE PROPERTY LOCATED AT 4848 MACARTHUR BLVD. OAKLAND," dated "9-25" and valued at $350,000. (*Id.* at 24.) The SOFA reports no transfers within two years, whether "outright" or "as security" (Question 13), no payments to or for the benefit of insiders (Questions 4 and 30), no payments for bankruptcy advice (Question 11), and no one keeping T24's books (Question 26), and it leaves blank the list of persons in control of T24 (Question 28). (*Id.* at 23, 25–26, 31–32.) Question 7 lists only the State

Action. (*Id.* at 24.) Yet counsel's Rule 2016(b) disclosure states that the $1,500 fee for this case was paid by "DEMAS 'DENNIS' YAN." (*Id.* at 36.)

**E. T24 Uses Its Petition to Stop the State-Court Trial.**

T24's petition was entered at 3:43 p.m. on August 6, 2026. (Fu Decl. Ex. S at 2.) The same day, T24's state-court counsel, William Leeds Disston, filed and served a Notice of Stay of Proceedings declaring under penalty of perjury that the State Action was stayed "[w]ith regard to all parties" because "T24 LLC, transferee in the operative Second Amended Complaint, is an indispensable party." (*Id.* ¶ 14, Ex. S at 1, 3.) The automatic stay, however, protects only the debtor: "stays pursuant to section 362(a) are limited to debtors and do not include non-bankrupt co-defendants." *Ingersoll-Rand Fin. Corp. v. Miller Mining Co.*, 817 F.2d 1424, 1427 (9th Cir. 1987). Trial was set for August 24, 2026. To preserve that date against the other defendants, Fu dismissed T24, and the allegations directed to it, without prejudice; the dismissal was entered on August 20, 2026. (Fu Decl. ¶ 14.)

On August 21, the Friday before trial, co-defendant Noble Lane LLC filed its own Chapter 7 petition, and the August 24 trial did not go forward. Noble Lane's case was dismissed on September 10 for failure to file required documents, and the trial was held on September 30 and October 2, 2026. (*Id.* ¶ 15.) In his trial brief, Mr. Disston, appearing for co-defendants Tran and Legal Recover LLC, argued that Fu's claim concerning the Oakland Property failed because Fu "has dismissed the alleged transferee Defendant T24, LLC, who is an indispensable party to this claim." (*Id.* ¶ 16, Ex. X at 4.) Meanwhile, through the same counsel, T24 and Legal Recovery LLC submitted an opening brief dated September 9, 2026 asking the Court of Appeal to have the order that makes T24 liable to Fu vacated. The brief does not mention this bankruptcy case. (*Id.* ¶ 5, Ex. D at 20.)

**F. T24 Does Not Appear, Then Moves to Dismiss.**

The meeting of creditors under 11 U.S.C. § 341(a) was set for September 10, 2026. (Dkt. No. 2.) The Debtor was absent, and the Trustee continued the meeting to September 21. (Dkt. No. 13.) The Debtor was absent again, and the Trustee continued the meeting to November 19, 2026. (Dkt. No. 14.) Fu attended the September 21 session by Zoom. The Trustee did not request dismissal and did not agree to it; rather, he agreed only to continue the meeting of creditors to a date after the hearing on the Debtor's anticipated motion to dismiss. (Fu Decl. ¶ 13.)

On September 30, 2026, T24 filed its Motion, followed on October 1 by an amended version. (Dkt. Nos. 15, 16.) The Motion is two pages. It attaches no declaration and no exhibits, although it "incorporates by reference the argument made in the Motion and exhibits attached in support of this request." (Dkt. No. 16 at 1.) It asserts that the case "was filed on or about August 21, 2026"; that "T24, LLC Inc owns no assets"; that "the Trustee has requested that the case be dismissed"; and that "[t]he matters giving rise to the Case have been resolved." (*Id.* at 2.)

**G. The Yans' Serial Bankruptcy Filings.**

Since 2022, Tina Yan, Demas Yan, and entities tied to them have filed at least nine bankruptcy petitions, three of them in the four weeks between August 6 and September 3, 2026, as the State Action came to trial:

| **Debtor** | **Bankr. Court / Case No.** | **Chapter** | **Filed** | **Disposition** |
|---|---|---|---|---|
| Tina Yan | N.D. Cal. 22-30407 | 13 | Aug. 11, 2022 | Dismissed Aug. 26, 2022 |
| Demas Wai Yan | N.D. Cal. 22-30601 | 13 | Nov. 4, 2022 | Dismissed Nov. 14, 2022 |
| Tina Foon Yan | N.D. Cal. 23-30020 | 13 | Jan. 10, 2023 | In rem relief, § 362(d)(4), Feb. 13, 2023; dismissed Feb. 24, 2023 |
| Legal Recovery LLC (adjudicated alter ego) | N.D. Cal. 24-30074 | 11, later 7 | Feb. 6, 2024 | Closed Nov. 21, 2024 |
| J1K5 LLC (recipient of Tina Yan's interest in Legal Recovery LLC) | N.D. Cal. 24-41436 | 7 | Sept. 17, 2024 | In rem relief, § 362(d)(4), Oct. 22, 2024 |
| Demas Yan | N.D. Cal. 26-30518 | 7 | June 11, 2026 | Dismissed June 26, 2026 (required documents not filed) |
| T24, LLC | D. Nev. 26-50788 | 7 | Aug. 6, 2026 | This case |
| Noble Lane LLC (co-defendant in the State Action) | N.D. Cal. 26-30733 | 7 | Aug. 21, 2026 | Dismissed Sept. 10, 2026 (required documents not filed) |
| Demas Wai Yan | N.D. Cal. 26-30779 | 7 | Sept. 3, 2026 | Pending |

(Fu Decl. ¶ 15; *see id.*, Ex. C at 5, 7.) Fu requests that the Court take judicial notice of the dockets in these cases. Fed. R. Evid. 201(b)(2), (c)(2).

Bankruptcy courts have seen this pattern before. In 2019, Judge Novack described the Chapter 11 petition of 818 Green Street LLC, another shell entity of the Yans, filed two days after Tina Yan transferred to it a 1% interest in 1433 7th Avenue and five days before a sheriff's sale of that property, as "the epitome of an abject, bad faith bankruptcy filing." (Fu Decl. ¶ 15, Ex. T at 1.) In 2020, the Central District of California granted in rem relief as to 1433–1435 7th Avenue on a finding that a later petition

by the same entity "was part of a scheme to hinder, delay, or defraud creditors" involving transfers of interests in the property and "[m]ultiple bankruptcy cases affecting the Property." (*Id.*, Ex. U at 2.) In 2023, Judge Blumenstiel found that Tina Yan's own petition "was part of a scheme," that "[t]he object of the scheme was to delay, hinder, or defraud creditors," and that "[t]he scheme involved multiple bankruptcy filings affecting" the same property. (*Id.*, Ex. V at 2.) In 2024, the Northern District granted § 362(d)(4) relief in the J1K5 LLC case. (*Id.*, Ex. W at 2.) The 7th Avenue property is the address T24 gives as its principal place of business (Dkt. No. 1 at 1), and both 818 Green Street LLC and J1K5 LLC gave the Oakland Property as their address of record. (Fu Decl. Exs. T at 7, W at 4.) And in 2011, a bankruptcy court sanctioned Demas Yan himself for a Chapter 7 petition that, as the State Bar Court later found, he filed "solely for the purpose of delaying the foreclosure." (*Id.* ¶ 11, Ex. P at 4–5.)

## III. LEGAL STANDARD

A Chapter 7 case may be dismissed "only after notice and a hearing and only for cause." 11 U.S.C. § 707(a). The motion is a contested matter governed by Rule 9014. Fed. R. Bankr. P. 1017(f)(1).

A voluntary Chapter 7 debtor's claim of an "absolute right to dismissal" is "plainly wrong"; the debtor "must establish cause." *Bartee*, 317 B.R. at 366. "While a debtor may voluntarily choose to place himself in bankruptcy, he does not enjoy the same discretion to withdraw his case once it has been commenced." *Leach v. United States (In re Leach)*, 130 B.R. 855, 857 n.5 (9th Cir. BAP 1991) (quoting *In re Klein*, 39 B.R. 530, 532 (Bankr. E.D.N.Y. 1984)). A debtor is entitled to dismissal only "so long as such dismissal will cause no 'legal prejudice' to interested parties," and the debtor bears "the burden of proving that dismissal would not prejudice [its] creditors." *Bartee*, 317 B.R. at 366 (quoting *Leach*, 130 B.R. at 857). "A case will not be dismissed on the motion of a debtor if such dismissal would cause 'some plain legal prejudice' to a creditor." *Hickman*, 384 B.R. at 840 (quoting *Schroeder v. Int'l Airport Inn P'ship (In re Int'l Airport Inn P'ship)*, 517 F.2d 510, 512 (9th Cir. 1975)). The creditor "need only show plain legal prejudice, not significant legal prejudice." *Leach*, 130 B.R. at 857 n.3.

Where, as here, the asserted cause is not one of the examples listed in § 707(a), the court first asks whether a specific Code provision addresses it and, if none does, whether the totality of the circumstances amounts to cause. *Hickman*, 384 B.R. at 840 (citing *Sherman v. SEC (In re Sherman)*, 491 F.3d 948, 970 (9th Cir. 2007)). Pertinent considerations include "the views of creditors, the state of [the debtor's]

compliance with [its] duties as a chapter 7 debtor, and the view of the chapter 7 trustee." *Id.* at 842. Unexplained discrepancies in the schedules and a failure to cooperate with the trustee "constitute independent grounds for denial of a motion to dismiss." *Bartee*, 317 B.R. at 366–67.

Finally, under this Court's rules, "[i]f factual issues are contested, the court will not grant the contested relief unless admissible evidence is offered in support of the relief requested." LR 9014(c)(1).

## IV. ARGUMENT

### A. T24 Has Not Carried Its Burden.

#### 1. The Motion offers no evidence.

The Motion rests entirely on counsel's unsworn statements. No one with personal knowledge has submitted a declaration, and the "exhibits attached" do not exist. Fu disputes the Motion's material factual assertions (Fu Decl. ¶¶ 4–10, 13–16), so under LR 9014(c)(1) the Court "will not grant the contested relief." The *Bartee* debtors lost for the same reason: they "did not support any of these assertions with documentary evidence or affidavits," and "the record [was] devoid of any evidence" of the facts on which they relied. 317 B.R. at 364–66.

#### 2. The Motion misrepresents the Trustee's position.

The Motion's lead justification is that "the Trustee has requested that the case be dismissed." (Dkt. No. 16 at 2.) That is a factual misrepresentation. The Trustee has filed nothing requesting or supporting dismissal. His only filings are two statements continuing the § 341(a) meeting, each recording that the Debtor was absent. (Dkt. Nos. 13, 14.) Fu attended the meeting. The Trustee did not request dismissal, did not agree to it, and agreed only to continue the meeting of creditors until after the hearing on this Motion. (Fu Decl. ¶ 13.) Continuing a meeting the Debtor failed to attend is not a request to dismiss the case. It is the opposite: an effort to complete the examination the Debtor has avoided.

The trustee's view is one of the considerations that bears on § 707(a) cause, *Hickman*, 384 B.R. at 842, and a debtor cannot supply that view by attributing it to the trustee in an unsworn motion. Factual contentions presented to the Court must have evidentiary support. Fed. R. Bankr. P. 9011(b)(3). If the Trustee actually holds the view the Motion attributes to him, he can say so; T24 cannot say it for him. The Court should disregard the statement.

The Motion also omits what the docket shows, that both sessions of the meeting were continued because the Debtor did not appear, and it misstates the petition date as "on or about August 21, 2026." The petition was filed on August 6. (Dkt. Nos. 1, 13, 14.)

**3. The reasons the Motion gives are not cause.**

The Motion offers three reasons: the State Action has been "dismissed as to the debtor," T24 "owns no assets," and T24 "will not get a discharge." (Dkt. No. 16 at 2.) None is cause.

*First*, the statement that "[t]he matters giving rise to the Case have been resolved" is an admission, not a justification. What changed after August 6 is that the State Action went to trial without T24. T24's counsel declared the entire action stayed; Fu dismissed T24 without prejudice to save the trial date; and the same counsel then told the trial court that T24's absence was a complete defense to Fu's claim concerning the Oakland Property. (Fu Decl. ¶¶ 14, 16, Exs. S, X at 4.) Nothing between T24 and Fu was resolved. The judgment making T24 liable to Fu stands, and T24 is still litigating its appeal from it. (*Id.* ¶ 5.) A debtor that files to disrupt a creditor's trial and then seeks dismissal once the trial date has passed has not shown cause to dismiss. It has shown why the case should continue under the Court's supervision. *See Hickman*, 384 B.R. at 842 ("When a debtor's choice to commence a chapter 7 case backfires, a debtor is not entitled to escape by awarding himself a dismissal either by declining to perform his statutory duties or by recanting the commitment to have debtor-creditor relations adjusted in equitable proceedings."). That principle applies with more force here, where the choice to file did not backfire at all. It worked as designed.

*Second*, the assertion that T24 "owns no assets" is unsupported, and T24's own papers and the public record contradict it (Part IV.B.2, below). Even in a case the debtor calls "no-asset," a dismissal that prejudices creditors is properly denied. *See Leach*, 130 B.R. at 857 & n.4.

*Third*, the absence of a discharge is not cause. No entity receives a Chapter 7 discharge. 11 U.S.C. § 727(a)(1). An entity's Chapter 7 case exists so that an independent trustee can collect its property, investigate its affairs, and distribute what the trustee finds. That is what T24's members resolved to do "under the protection and review of the U.S. Bankruptcy Court." (Dkt. No. 5 at 2.) T24 was no more eligible for a discharge on August 6 than it is today. The only thing that has changed is that the automatic

stay has served its purpose, and "the debtor's recantation of that choice does not provide sufficient § 707(a) 'cause' to dismiss over opposition." *Hickman*, 384 B.R. at 842.

**B. Dismissal Would Cause Plain Legal Prejudice to Creditors.**

**1. T24 has not been examined, and the Trustee's investigation has not begun.**

A Chapter 7 debtor must appear and submit to examination under oath at the meeting of creditors, 11 U.S.C. § 343, and must cooperate with the trustee, *id.* § 521(a)(3). The trustee must "investigate the financial affairs of the debtor." *Id.* § 704(a)(4). T24 has done none of what the Code requires. Its representative skipped the meeting twice, and T24 now asks to be dismissed two days before the continued session. (Dkt. Nos. 13, 14, 17.) In *Hickman*, the debtor "largely ignored the trustee, perhaps trying to manipulate his way to dismissal." The BAP's answer: "This will not do." 384 B.R. at 841. In *Bartee*, the debtors' "failure to cooperate with the trustee's efforts to obtain information" supported denial of their motion. 317 B.R. at 367. The debtor in *Hickman* at least attended a continued meeting and produced some records. 384 B.R. at 835. T24 has not been examined at all, here or in the state court, where it failed to appear for three court-ordered examinations. (Part II.B, above.)

**2. T24's sworn papers contain unexplained discrepancies that only an examination can resolve.**

T24's schedules and SOFA, signed by Demas Yan under penalty of perjury, raise questions that go directly to what property the estate holds.

*a. The Oakland Property.* T24's papers say only that T24 had a "junior deed of trust" on the Oakland Property that was "extinguished" when ORO Financial foreclosed in "9-25." (Dkt. No. 1 at 24.) The public record shows much more. T24 was the beneficiary of deeds of trust securing notes made by Tran totaling $432,500; it held record title from January 2021; and on September 23, 2024, while Fu's fraudulent-transfer action and lis pendens were pending, it deeded the property to 4848 LLC under a sworn declaration that the two companies have the same owners in the same proportions. (Fu Decl. ¶ 8, Exs. H–L.) T24's state-court counsel has since described T24 as Tran's lender and the 2024 deed as returning the property to a company Tran wholly controls. (*Id.* ¶ 16, Ex. X at 4.) Yet the SOFA reports no transfers of any kind, "outright" or "as security," within two years before the petition (Dkt. No. 1 at 26), and Schedule A/B reports no notes receivable and no other assets (*id.* at 12–13). The open questions

are basic. Who owes the debts that T24's deeds of trust secured, and are they still owed? Did the 2025 foreclosure produce surplus proceeds payable to T24 as a junior lienholder? *See* Cal. Civ. Code § 2924k(a)(3). Who collected the rents while T24 held title? What did T24 receive for its title? A transfer to an insider, for no apparent value, after the debtor has been sued, bears the classic badges of a fraudulent transfer. *See* Cal. Civ. Code § 3439.04(b)(1), (4), (8). If, as T24's manager swore, T24 and 4848 LLC have identical ownership, 4848 LLC is T24's affiliate and therefore its insider. *See* 11 U.S.C. § 101(2)(B), (31)(E). The transfer falls within the two-year reach of § 548(a)(1), and the claims to recover the property or its value under §§ 544(b), 548, and 550 belong to the estate.

*b. Who owns and controls T24.* T24's ownership changes with the forum. Opposing the alter-ego motion in 2025, Tina Yan told the Superior Court that she had held no interest in T24 since April 20, 2023, when she purportedly transferred it to Shuzhen Tu; the court found "no evidence that it was a bona fide transfer." (Fu Decl. ¶ 4, Ex. C at 4.) T24's resolution in this case is signed by "TINA YAN, Member," confirming what the Superior Court found. (Dkt. No. 5 at 2.) The 2024 deed swears that T24 has the same owners, in the same proportions, as 4848 LLC, a company organized by Tran. (Fu Decl. ¶ 8, Exs. K, L.) And the SOFA leaves blank the list of persons in control. (Dkt. No. 1 at 32.) Who owns and controls the Debtor determines who its insiders are, and therefore which transfers can be recovered. *See* 11 U.S.C. §§ 101(31)(B), 547(b)(4)(B).

*c. The bankruptcy fee.* SOFA Question 11 asks for payments "made by the debtor or person acting on behalf of the debtor" within one year to anyone consulted about filing bankruptcy. T24 answered "None." (Dkt. No. 1 at 25.) Its counsel's Rule 2016(b) disclosure says he received $1,500 before filing from "DEMAS 'DENNIS' YAN." (*Id.* at 36.)

*d. Litigation.* SOFA Question 7 requires disclosure of the legal actions in which the debtor was involved "in any capacity" within one year before filing. T24 listed only the State Action. It omitted *Lei v. Yan*, in which T24 twice moved in early 2026 to set aside the alter-ego order and was twice ordered to appear for examination, and its pending appeal. (*Compare* Dkt. No. 1 at 24, *with* Fu Decl. ¶¶ 5, 7, Exs. D, F, G.)

*e. Fu's claim and T24's appeal.* T24 scheduled Fu's $1,600,000 claim as undisputed (Dkt. No. 1 at 16) and then, a month after filing, asked the Court of Appeal to set aside the order that makes T24

liable on it, without mentioning this case. (Fu Decl. ¶ 5, Ex. D.) That appeal arises from a proceeding brought against T24, so T24's own petition stayed it, *see Ingersoll-Rand*, 817 F.2d at 1426–27, and the estate's interest in it is for the Trustee to manage, *see* 11 U.S.C. § 323. T24 has treated the automatic stay as a one-way street: it invoked the stay to halt a trial against co-defendants the stay does not protect, while ignoring the stay to press its own appeal.

Each of these is the kind of discrepancy that independently supports denial. *Bartee*, 317 B.R. at 366–67; *Hickman*, 384 B.R. at 841 (debtor "shirked his duty to disclose all assets and financial affairs," which requires schedules prepared "carefully, completely, and accurately"). As the BAP put it:

> [A] debtor who has invoked the protection of the Bankruptcy Code must also assume the responsibilities attendant to this protection, including accounting for assets and completing schedules in good faith, and . . . the debtor may not engage in questionable or fraudulent conduct and then dismiss the case once such conduct is discovered.

*Bartee*, 317 B.R. at 367 (quoting 9A Am. Jur. 2d *Bankruptcy* § 1020).

**3. Dismissal would abandon the estate's claims and the Trustee's powers.**

If the case is dismissed, property of the estate revests in T24, 11 U.S.C. § 349(b)(3), and every claim the Trustee could bring disappears with it: claims to avoid fraudulent transfers under §§ 544(b) and 548, to avoid preferential transfers to insiders reaching back one year under § 547(b)(4)(B), and to recover the property or its value from transferees under § 550. Those claims belong to the estate, and only the Trustee may pursue them. 11 U.S.C. § 323; *Estate of Spirtos v. One San Bernardino Cnty. Superior Ct. Case Numbered SPR 02211*, 443 F.3d 1172, 1175 (9th Cir. 2006) (holding that § 323 gives the trustee the exclusive right to sue on behalf of the estate). Dismissal would also end the Trustee's power to require T24 to surrender its books and records, 11 U.S.C. § 521(a)(4), and to require others who hold those records to turn them over, *id.* § 542(e). As in *Hickman*, "dismissal would operate to abandon all assets, including the [estate's claims], to the potential detriment of creditors." 384 B.R. at 842.

**4. Outside bankruptcy, creditors have no realistic prospect of enforcement.**

Dismissal prejudices creditors where "there is no guarantee that debtors will pay their debts outside of bankruptcy." *Bartee*, 317 B.R. at 366. T24 does not even offer a promise. It has paid nothing on the judgment since it was added as a judgment debtor in May 2025. (Fu Decl. ¶ 6.) The person who controls it, Demas Yan, was adjudged guilty of 146 counts of contempt in 2024. In sentencing him, the

state court found that more than seven orders of state and federal courts, including bankruptcy courts, had imposed $755,507.33 in fees, fines, and costs on him, and that "Yan has paid none of these." (*Id.* ¶ 11, Ex. R at 6.)

Nor can Fu use the tools state law provides to find what T24 holds. A debtor examination is the basic means California law gives a judgment creditor to discover a debtor's property, *see* Cal. Civ. Proc. Code §§ 708.110, 708.120, and T24 has defeated it by not appearing: in 2023, and twice in 2026, the second time after the state court had issued a body attachment for the arrest of its manager and stayed it only to give T24 "a further opportunity to comply." (Fu Decl. ¶ 7, Exs. E–G; Part II.B, above.) Outside bankruptcy, every enforcement tool available to Fu depends on the cooperation of people who have now failed to appear for five examinations: three ordered by the state court and two in this case. In bankruptcy, the Trustee does not need their cooperation. He holds the estate's property and claims and can compel T24, and anyone holding its records, to turn them over. (Part IV.B.3, above.)

**5. Dismissal would reopen the revolving door.**

Nine bankruptcy petitions since 2022, three of them in the four weeks around the State Action's trial dates, show that the Bankruptcy Code is being used as a litigation tool. (Part II.G, above.) That is not Fu's characterization alone. Bankruptcy judges have found that petitions filed by Tina Yan and by Yan-related entities were filed in bad faith or as part of a scheme to delay, hinder, or defraud creditors, and a bankruptcy court sanctioned Demas Yan in 2011 for a Chapter 7 petition filed to delay a foreclosure. (*Id.*) The creditors in *Hickman* "preferred to eschew the revolving door," and the BAP recognized "an important interest related to the integrity of the bankruptcy system." 384 B.R. at 841–42. If T24 can file, obtain a stay, skip its examination, and leave on its own motion, nothing prevents the same sequence on the eve of the next enforcement proceeding.

**6. Fu opposes dismissal, and continuing the case costs T24 nothing it does not already owe.**

Fu holds essentially all of the scheduled debt and opposes dismissal; no creditor supports it. T24 halted the State Action on the eve of trial, which led to T24's dismissal from it, and handed T24's co-defendants a defense built on T24's absence. Having chosen this forum for its own purposes, T24 should not be permitted to leave it before it has been examined. Continuing the case imposes no cognizable

burden on T24. An entity receives no discharge, so there is no fresh start to protect. The only burden on T24 is performing the duties it accepted when it filed.

**C. Alternatively, the Court Should Defer Ruling Until T24 Has Been Examined.**

If the Court is not prepared to deny the Motion outright, Fu requests that the Court treat the November 17 hearing as a status and scheduling hearing under LR 9014(a)(7), or deny the Motion without prejudice to renewal, until (i) T24's representative has appeared and testified at the continued § 341(a) meeting on November 19, 2026, and (ii) Fu has completed the examination of T24's managing persons under Fed. R. Bankr. P. 2004, which Fu will be requesting by separate motion. If material facts remain disputed after that, Fu requests an evidentiary hearing. *See* Fed. R. Bankr. P. 9014(d); LR 9014(a)(7).

## V. CONCLUSION

T24 chose this forum, accepted its protection, and has refused its obligations. Fu respectfully requests that the Court:

1. Deny the Motion to Dismiss (Dkt. Nos. 15 and 16);
2. Alternatively, defer ruling or deny the Motion without prejudice until T24's representative has been examined at the continued § 341(a) meeting and under Rule 2004; and set an evidentiary hearing on any disputed facts; and
3. Grant such other relief as is just and proper.

Dated: November 2, 2026

Respectfully submitted,

Bryant Fu
Creditor in Pro Se

**CERTIFICATE OF SERVICE**

I, Tony Fu, declare: I am over 18 years of age. My address is 337 28th Avenue, San Francisco, California 94121. On November 2, 2026, I served the following documents:

Creditor's Opposition to T24, LLC's Amended Motion to Dismiss Chapter 7 Case [Dkt. No. 16]

Declaration of Bryant Fu in Support of Creditor's Opposition to T24, LLC's Amended Motion to Dismiss Chapter 7 Case

On the interested parties as follows:

Sean P. Patterson, Esq.
Attorney for Debtor T24 LLC
232 Court Street, Reno, NV 89501
illegalpat@aol.com

W. Donald Gieseke
Chapter 7 Trustee
18124 Wedge Parkway, Suite 518, Reno, NV 89511

The documents were served by First Class Mail on the interested parties named above in said cause, by placing a true copy thereof enclosed in a sealed envelope with the postage thereon fully prepaid, in the United States mail at Postal Office, San Francisco addressed as the above.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on November 2, 2026, at San Francisco, California.

Tony Fu